Filed 3/17/22  P. v. Rodriguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093467 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F07391) |
| v. | |
| NIXON RICARDO RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant Nixon Ricardo Rodriguez appeals the denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause.  We will reverse and direct the trial court to issue an order to show cause.

---

[1]  Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

A. *Statement of facts*

The prosecution filed a consolidated amended complaint charging defendant in count one with murder (§ 187, subd. (a)) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), while armed with a firearm (§ 12022, subd. (a)(1)) and lying in wait (§ 190.2, subd. (a)(15)); in counts two and three with attempted murder (§§ 664, 187, subd. (a)) and personally using a firearm (§ 12022.5, subd. (a)) while personally inflicting great bodily harm (§ 12022.7) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); in count four with attempted murder (§§ 664, 187, subd. (a)) and personally using a firearm (§ 12022.5, subd. (a)) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and in count five with discharge of a firearm at a motor vehicle (§ 246) while personally inflicting great bodily harm (§ 12022.7) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  Count one concerned the interaction described below on September 1, 1993, that resulted in the death of a gang member.  Counts two through five deal with a separate incident that occurred on August 29, 1993.

Pursuant to a plea agreement, defendant pleaded guilty to counts one and five and the prosecution moved to dismiss all of the other counts as well as the infliction of great bodily harm and the criminal street gang allegations as to count five.  The trial court sentenced defendant to a term of 25 years to life on count one; two consecutive one-year terms on the enhancements under sections 12022, subdivision (a)(1), and 186.22, subdivision (b)(1); and five years consecutive on count five.

The prosecutor recited the factual basis for defendant's plea on count one as follows:

"[Defendant] was driving his car.  In that car also is a right front passenger by the name of Anthony Perez.  In the rear seat was the shooter person by the name of Christopher Jagerson.  And all these individuals were members of the 47th Street [Sureños] gang.

"Earlier that evening they had gotten together and discussed an incident involving 30 members of their rival, the Franklin Gang[,] coming by Anthony Perez's house, and intimidating miss [*sic*] mother in that fashion.

"For that reason, they were in the neighborhood to retaliate . . . . When they spotted the victim Manuel Esteban riding his bike on 37th Avenue and south on 28th Street. At which point [defendant] drove after Mr. Esteban, stopped the car, confronted him, asked him what set you're from. Mr. Esteban responded Franklin. [Cod]efendant Jagerson in the back seat withdrew his .22 caliber semiautomatic and shot Mr. Esteban 10 times in the back as he ran away.

"Defendant . . . then drove away from the scene with his headlights off and was stopped I believe at the intersection of 38th Avenue and Franklin Boulevard."

B.      *Petition for resentencing under section 1170.95*

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and section 1170.95 to have his murder conviction vacated and to be resentenced. In his petition, defendant checked the boxes stating a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable circumstances doctrine, he pleaded "guilty or no contest to 1st or 2nd degree murder in lieu of going to trial" on murder charges because he believed he could be convicted pursuant to the felony-murder rule or the natural and probable consequences doctrine, and he "could not now be convicted of 1st or 2nd degree murder" because of changes to section 188. The trial court appointed counsel for defendant and the parties briefed whether defendant had stated a prima facie case for relief under section 1170.95.

In ruling on the petition, the trial court started with an examination of the factual basis for defendant's plea. The trial court further provided a summary of the testimony presented at defendant's preliminary hearing. That testimony established officers found the victim shot to death and .22-caliber shell casings nearby. A witness heard the

3

gunshots, saw the body, and observed a red car leaving the scene with its lights off. Shortly thereafter, officers stopped the red car driven by defendant. There were two passengers in the car, along with a .22-caliber rifle and bullets.

Officers interviewed defendant at the scene. He admitted being a member of the Sureños gang and that he and his passengers went to the area looking for rival gang members. Defendant said if he saw any rival gang members, he intended to fight them. Defendant did not indicate there had been conversations about shooting anyone, but stated there had been discussions about "getting into it" with the rival gang. He stated he did not intend to shoot anyone.

Defendant told officers he saw the victim, drove up to him, and made gang statements to him. The victim moved one of his hands to his pocket when the passenger in the backseat of defendant's car opened fire. Defendant sped away with his headlights off until stopped by officers.

Defendant said he recognized the victim from a prior altercation. During that altercation, the victim was in a car with another man, Aaron Holguin. Holguin got out of that car and put a gun to defendant's head.

When asked if defendant knew whether anyone in his car was armed, he said, "[W]ell, no," with a pause. He also stated one of his passengers had a coat "with something in it." Defendant claimed he did not know there was going to be shooting from his car or that there was a gun in it.

The trial court concluded defendant's murder conviction was "not based on either the felony murder rule or the natural and probable consequences theory." The trial court further concluded defendant could not show he could not be convicted of murder after the changes made by Senate Bill 1437. The court based its conclusion on defendant's admission he was a gang member and he knew his passenger (the shooter) had been initiated into the gang and needed to shoot someone to gain respect. Further, the court noted defendant recognized the victim had been with someone who held a gun to

4

defendant's head and defendant had gone out to retaliate against members of that gang. The trial court found "a jury could conclude, beyond a reasonable doubt, that defendant . . . is guilty of first degree murder based on a theory of the direct aiding and abetting of a willful, deliberate, premeditated murder." The trial court denied the petition.

DISCUSSION

Defendant argues he presented a prima facie case for relief and the trial court erred when it engaged in judicial factfinding at the prima facie stage of the petition process. The Attorney General responds that the record of conviction proves defendant is ineligible for relief as a matter of law. We agree with defendant and conclude the trial court should have set the matter for an order to show cause hearing.

Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder, to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) As relevant here, Senate Bill 1437 also added section 1170.95, which provides a procedure for those convicted of murder premised on either a felony-murder or natural and probable consequences theory to petition for resentencing if they could not be convicted of first or second degree murder because of changes to section 188 or 189 by the bill. (Stats. 2018, ch. 1015, § 4; § 1170.95, subd. (a).)

Under section 1170.95, subdivision (c),[2] the trial court must take briefing from the parties and then determine whether "the petitioner makes a prima facie showing that the

---

[2] After briefing concluded in this case, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) amending section 1170.95. Subdivision (c)

petitioner is entitled to relief." (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).)  In performing this preliminary screening function, the court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, at p. 974.)  Courts, however, are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.)  Thus, if the record of conviction establishes the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)  If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because petitioner has met the requirements of section 1170.95, subdivision (a), then the trial court shall issue an order to show cause. (§ 1170.95, subd. (c).)

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under section 1170.95, subdivision (a).  In response, the trial court first concluded section 1170.95 did not apply because defendant was not charged under a theory of felony murder or the natural and probable consequences doctrine.  The record, however, reflects the complaint generically charged defendant with murder, without specifying the theory under which the prosecution intended to proceed.  It "has long been the law in this state that an accusatory pleading charging murder need not specify degree or the manner in which the murder was committed" (*People v. Thomas* (1987) 43 Cal.3d 818, 829, fn. 5), nor need it "specify the theory of murder on which the prosecution relies

now requires the court to hold a hearing to determine whether petitioner has made a prima facie case for relief and if it declines to issue an order to show cause, it must provide a statement fully setting forth its reasons.

6

at trial." (*People v. Contreras* (2013) 58 Cal.4th 123, 147.)  Thus, nothing in the complaint or the basis for the plea barred the prosecution from asserting either theory at trial.

The trial court's alternative basis for its decision—defendant could not demonstrate he could not be convicted of murder after the changes brought about by Senate Bill 1437—also does not support its denial of the petition as failing to state a prima facie case.  The record of conviction does not demonstrate defendant was ineligible for resentencing as a matter of law.  Rather, the factual basis for the plea disclosed only that:  (1) defendant was the driver of the car seeking out rival gang members; (2) when they identified one, a person in the backseat opened fire; and (3) defendant drove away. Defendant did not admit as part of his plea he knew his passengers were armed or that he or they intended to kill anyone.  The evidence adduced at the preliminary hearing concerning defendant's knowledge about whether anyone in his car was armed was conflicting.  Defendant did not admit to any discussions about killing anyone, only a discussion about "getting into it" with rival gang members.  Defendant claimed to want to fight a rival gang member and said nothing about shooting them.  In reaching the finding "a jury could conclude, beyond a reasonable doubt, that defendant . . . is guilty of first degree murder based on a theory of the direct aiding and abetting of a willful, deliberate, premeditated murder," the trial court weighed the evidence and engaged in factfinding to resolve the ambiguities in favor of a murder conviction.  While this may be an appropriate finding to make on this evidence after the order to show cause evidentiary hearing, the trial court was not permitted to make this finding at this prima facie stage of the proceedings based on this record.  (§ 1170.95, subd. (c).)

Because there were no undisputed facts or admissions by defendant in the record of conviction that conclusively establish defendant was prosecuted on a ground rendering him categorically ineligible for relief, the trial court should have accepted defendant's factual assertions in his petition as true, issued an order to show cause, and proceeded to

7

an evidentiary hearing.  (See *Lewis, supra*, 11 Cal.5th at p. 971 [" '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing' "].)  On remand, we express no opinion about whether defendant is entitled to relief following the hearing.

DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under Penal Code section 1170.95.

                                                  _____KRAUSE_____, J.

We concur:

_____RAYE_____, P. J.

_____BLEASE_____, J.

8